UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.     -CIV-

CATHERINE GALOFRE,

    Plaintiff,

v.

ULTRA CARE MEDICAL CENTER, LLC.,
a Florida Corporation and OSVALDO SARDUY,
individually.

    Defendant.

_____/

## PLAINTIFF'S INITIAL COMPLAINT

Plaintiff, CATHERINE GALOFRE ("Galofre"), by and through her undersigned attorney, and hereby sues Defendant, ULTRA CARE MEDICAL CENTER, LLC. ("Ultra Care"), a Florida Corporation, and OSVALDO SARDUY, individually ("Sarduy") (collectively, the "Defendants") as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This suit is brought against the Defendants pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Pregnancy Discrimination Act, as amended, 42 U.S.C. § 2000e(k) ("PDA"), and Plaintiff, Galofre, joins a Florida statutory claim under the Florida Civil Rights Act of 1992 ("FCRA"), Florida Statutes § 760.01 *et seq.*

2. This suit is also brought against the Defendants to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

1

## PARTIES

3. Plaintiff, CATHERINE GALOFRE, is an adult, female citizen of the United States who presently resides in Miami-Dade County, Florida.

4. Defendant, ULTRA CARE MEDICAL CENTER, LLC., a Florida Corporation, did at all times material, conduct substantial and continuous business in the Southern District of Florida. Ultra Care is located at 6801 SW 8th Street, Miami, FL 33144.

5. Defendant, OSVALDO SARDUY, is a corporate officer of, and exercised operational control over the activities of Defendant, Ultra Care.

6. At all times material hereto, Galofre is and continues to be a resident of Miami-Dade County, Florida and was an "employee" of Defendants within the meaning of the FLSA and Title VII.

7. At all times material hereto, the work performed by Galofre was directly essential to the business performed by the Defendants.

8. At all times material hereto, the Defendants are and continue to be an "employer" within the meaning of the FLSA and Title VII.

9. At all times material, during Galofre's employment with the Defendants, the Defendants were engaged in interstate commerce or in the production of goods for commerce. The Defendants continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. The Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of the Title VII, the PDA, the FCRA, *Florida Statutes* § 760.02(6-7), and the FLSA.

## JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction over this suit pursuant to 28 U.S.C. § 1331 because this action arises under federal law, specifically 42 U.S.C § 2000e *et seq.* and 29 U.S.C. § 201 *et seq.*

12. Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C § 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Miami-Dade County.

## EXHAUSTION OF REMEDIES

13. Plaintiff, Galofre, timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on January 28, 2016.

14. Upon Plaintiff, Galofre's request, the EEOC issued a Notice of Right-to-Sue on October 25, 2016. This complaint is filed within ninety days of that date.

15. The Complaint was filed within ninety (90) days following Plaintiff, Galofre's receipt of said Notice of Right to Sue.

## STATEMENT OF FACTS

16. On or about May 18, 2015, Galofre was hired as a referral clerk at Sarduy's medical clinic. Her employment was terminated on or about January 25, 2016.

17. Galofre worked nine (9) hours a day and earned approximately twelve (12) dollars an hour.

18. For the first two months of her employment, Galofre took a one (1) hour unpaid lunch break.

19. On or about August 2015, Galofre was only allowed to take half an hour break for lunch, however, Galofre was not paid for the other half an hour she worked.

20. In many weeks, Galofre worked in excess of forty (40) hours per week, but was not paid at the rate of time-and-one-half her regular hourly rate.

21. Galofre should have been paid on an hourly, non-exempt rate during the entire course of her employment with the Defendants.

22. While employed by the Defendants, on or about October 2015, Galofre became pregnant and informed her supervisor, Alejandro Rodriguez of her pregnancy.

23. Upon informing the Defendants of her pregnancy, Galofre was told to train the new front desk clerk of her job responsibilities, in case Galofre could not make it to work, Galofre worked in referrals.

24. After training the new employee, Galofre was reassigned to the position of front desk clerk.

25. Two months later, Ultra Care hired a new employee responsible for only medical records; however, the new employee was trained for the referral process.

26. On or about January 25, 2016, Galofre called in sick for work because she was sick with the flu, the Defendants expressed that Galofre missing work was fine.

27. Galofre was later told that the Defendants had hired someone to replace Galofre in the front desk.

28. On or about January 25, 2016, Galofre received a call from Alejandro Rodriguez that she was terminated.

29. Alejandro Rodriguez expressed to Galofre that the reason for her termination was because they could not have someone calling in sick all the time.

30. Before January 25, 2016, Galofre had never called in sick. Galofre has only left work early for doctor's appointments, which had been approved days in advance.

## COUNT I

### Discrimination under Title VII of the Civil Rights Act of 1964
### Pregnancy Discrimination Act

31. Plaintiff, Galofre, re-alleges and reincorporates paragraphs 1-30 as fully alleged therein.

32. Galofre is a member of a protected class under Title VII and the PDA.

33. By the conduct described above, the Defendants engaged in unlawful employment practices and discriminated against Galofre, on account of her pregnancy in violation of Title VII and the PDA.

34. Galofre was discriminated against by the Defendants in violation of Title VII as amended by the PDA on the basis of her pregnancy when she was subjected to adverse employment actions.

35. Galofre has been subjected to disparate treatment due to her pregnancy in the terms and conditions of her employment as compared to other similarly situated non-pregnant employees.

36. Galofre was qualified for her position at all times during her employment and was capable of performing the essential functions of her position.

37. The Defendants knew, or should have known of the discrimination.

38. The Defendants engaged in such pregnancy-based employment discrimination willfully, maliciously and with reckless indifference to Galofre's rights.

39. As a result of the Defendants unlawful discrimination, Galofre has suffered and continues to suffer damages.

5

WHEREFORE, Plaintiff, Galofre, prays for the entry of a judgment against the Defendants, and an award of economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, compensatory damages, punitive damages and attorney's fees and costs, all as permitted by law for a violation of Title VII and the PDA.

## COUNT II

### Discrimination in violation of Fla. Stat. § 760 *et seq.*

40. Plaintiff, Galofre, re-alleges and reincorporates paragraphs 1- 30 as fully alleged therein.

41. Galofre was a member of a protected class because she was pregnant.

42. Galofre was qualified for her position at all times during her employment and at the time of her termination and was capable of performing the essential functions of her position.

43. Galofre was discriminated against by the Defendants in violation of Fla. Stat. § 760.10 on the basis of her status as a pregnant female when she was subjected to adverse employment actions.

44. Galofre's pregnancy was a motivating factor in the Defendants decision to terminate. Moreover, Galofre would not have been terminated if not for her pregnancy.

45. Galofre has been subjected to disparate treatment due to her pregnancy in the terms and conditions of her employment as compared to other similarly situated non-pregnant and/or male employees.

46. The Defendants engaged in such pregnancy-based employment discrimination willfully, maliciously and with reckless indifference to Galofre's rights.

WHEREFORE, Plaintiff, Galofre, prays for the entry of a judgment against the Defendants, and an award of economic damages, lost wages, back pay, interest, front pay, the

value and/or economic impact of lost benefits, compensatory damages, punitive damages and attorney's fees and costs, all as permitted by law for a violation of the FCRA.

## COUNT III

### Violation of 29 U.S.C. § 207 (Unpaid Overtime)

### *(Against Ultra Care Medical Center, LLC.)*

47. Plaintiff, Galofre, re-alleges and reincorporates paragraphs 1-30 as fully alleged therein.

48. As of August 2015, in addition to Galofre's normal, regular work week, Galofre worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

49. Galofre was entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

50. Ultra Care failed to pay Galofre's overtime compensation in the lawful amount for hours worked by Galofre in excess of the maximum hours provided for in the FLSA.

51. At all times, Ultra Care willfully employed Galofre for many work weeks longer than forty (40) hours, and failed and refused to compensate Galofre for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rate at which she was employed.

52. As a result of the unlawful acts of Ultra Care, Galofre has been deprived of minimum wages in amounts to be determined and are entitled to recovery of liquidated damages in the same amount, plus reasonable attorneys' fees and costs.

53. Records, if any, concerning the number of hours worked by Galofre and the actual compensation paid to Galofre are in the possession and custody of Ultra Care.

54. Ultra Care knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Galofre at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

55. Ultra Care failed to properly disclose or apprise Galofre of her rights under the FLSA.

56. As a direct and proximate result of Ultra Care's willful disregard of the FLSA. Galofre is entitled to liquidated damages pursuant to the FLSA.

57. Due to the intentional, willful and unlawful acts of Ultra Care, Galofre has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

58. Galofre is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, Galofre, respectfully request that judgment be entered in their favor against Defendant, Ultra Care:

- a. Declaring that Ultra Care has violated the maximum hour provisions of 29 U.S.C. § 207;
- b. Awarding Galofre overtime compensation in the amount calculated;
- c. Awarding Galofre liquidated damages in the amount calculated;
- d. Awarding Galofre reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);
- e. Awarding Galofre post-judgment interest; and
- f. Ordering any other and further relief this Court deems to be just.

## COUNT IV

### Violation of 29 U.S.C. § 207 (Unpaid Overtime)

### (*Against Osvaldo Sarduy*)

59. Plaintiff, Galofre, re-alleges and reincorporates paragraphs 1-30 as fully alleged therein.

60. As of August 2015, in addition to Galofre's normal regular work week, Galofre worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

61. Galofre was entitled to be paid at the rate of time and one-half for their hours worked in excess of the maximum hours provided for in the FLSA.

62. Sarduy failed to pay Galofre's overtime compensation in the lawful amount for hours worked by Galofre in excess of the maximum hours provided for in the FLSA.

63. At all times, Sarduy willfully employed Galofre for many work weeks longer than forty (40) hours, and failed and refused to compensate Galofre for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rate at which she was employed.

64. As a result of the unlawful acts of Sarduy, Galofre has been deprived of minimum wages in amounts to be determined and are entitled to recovery of liquidated damages in the same amount, plus reasonable attorneys' fees and costs.

65. Records, if any, concerning the number of hours worked by Galofre and the actual compensation paid to Galofre are in the possession and custody of Sarduy.

66. Sarduy knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Galofre at the statutory rate of time and one-half for the

hours worked in excess of forty (40) hours per week when he knew or should have known such was due.

67. Sarduy failed to properly disclose or apprise Galofre of her rights under the FLSA.

68. As a direct and proximate result of Sarduy's willful disregard of the FLSA. Galofre is entitled to liquidated damages pursuant to the FLSA.

69. Due to the intentional, willful and unlawful acts of Sarduy, Galofre has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

70. Galofre is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, Galofre, respectfully request that judgment be entered in their favor against Defendant, Sarduy:

g. Declaring that Sarduy has violated the maximum hour provisions of 29 U.S.C. § 207;

h. Awarding Galofre overtime compensation in the amount calculated;

i. Awarding Galofre liquidated damages in the amount calculated;

j. Awarding Galofre reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

k. Awarding Galofre post-judgment interest; and

l. Ordering any other and further relief this Court deems to be just.

## DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues triable by jury.

Date: January 19, 2017.

Respectfully Submitted,

**GALLARDO LAW OFFICE, P.A.**
*Attorney for the Plaintiffs*
8492 SW 8th Street
Miami, Florida 33144
Telephone (305) 261-7000
Facsimile (786) 261-0088

By: /s/ Elvis J. Adan
Elvis J. Adan, Esq.
Florida Bar No.: 24223
Email: elvis.adan@gallardolawyers.com